**Athene DALE by her guardian Dolores DALE, Plaintiff,**

v.

**Donna E. SHALALA, Secretary, Department of Health and Social Services, Defendant.**

No. 97–C–351–S.

United States District Court, W.D. Wisconsin.

Nov. 18, 1997.

Molly L. Bandt, Elder Law Center of the Coalition of Wisconsin Aging Groups, Madison, WI, for Plaintiff.

Richard D. Humphrey, Asst. U.S. Atty., Madison, WI, for Defendant.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff Athene Dale by her guardian Dolores Dale brings this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the defendant Secretary denying her Medicare reimbursement in the amount of $5,723.00 for skilled nursing and rehabilitation services. She asks the Court to reverse the Secretary's decision.

On June 3, 1994 Medicare denied coverage for services plaintiff had received between February 1, 1994 and March 31, 1994 because she did not require skilled nursing or skilled rehabilitation services on a daily basis after January 31, 1994. On June 21, 1994 plaintiff's guardian filed a request for reconsideration which was denied on August 15, 1994. On October 13, 1994 Medicare issued a Reconsideration Decision finding that plaintiff was liable for the amount.

On December 15, 1994 plaintiff filed with Medicare a request for a Part A Medicare Hearing by an Administrative Law Judge (ALJ). On August 10, 1995 a hearing was held before ALJ Charles J. Frisch who decided on November 6, 1995 that Medicare coverage should be denied. On December 27, 1995 plaintiff requested Appeals Council review of the decision. The ALJ's decision became the final decision of the Secretary when the Appeals Council denied plaintiff's request for review on March 20, 1997.

## FACTS

Plaintiff Athene Dale is a 68 year old woman enrolled in Medicare Parts A and B. She suffered a hip fracture in December 1993 for which she was briefly hospitalized in Luther Hospital in Eau Claire, Wisconsin. On December 30, 1993 she was admitted to the Center of Care Nursing Home in Eau Claire, Wisconsin (COC).

On January 28, 1994 the COC sent a notice to plaintiff that on January 26, 1994 the COC reviewed her medical records and found that beginning on January 28, 1994 the services furnished to her no longer qualified as covered under Medicare Part A definition of physical therapy.

A hearing was held before ALJ Charles J. Frisch on August 10, 1995. Plaintiff's representative Debra Heath testified. Plaintiff's representative argued that plaintiff was receiving skilled care between February 1, 1994 and March 31, 1994 on a daily basis that should be covered by Medicare. She admitted that plaintiff only received physical therapy three days per week during this time period but that the other care plaintiff was receiving on a daily basis constituted skilled care.

Shane Karns, a physical therapist employed by COC, testified that plaintiff's physical therapy was discontinued on January 28, 1994. He further testified that pursuant to the family's request COC continued some limited physical therapy billing the cost to the family.

Carol W. Plaisted of the Coalition of Wisconsin Aging Groups submitted a letter dated August 2, 1995 on plaintiff's behalf. Plaisted asserted that the combination of services provided to plaintiff including physical therapy, skilled observation and monitoring

and specialized treatment to maintain adequate nutrition and hydration due to plaintiff's difficulty swallowing rise to the level of skilled care.

In his written decision dated November 6, 1995 the ALJ specifically addressed Plaisted's arguments. He found that plaintiff did not require physical therapy after January 28, 1994. He further found that she did not need skilled observation and monitoring either for her general condition or for her difficulty in swallowing. The ALJ concluded that the skilled nursing services provided plaintiff from February 1, 1994 through March 31, 1994 were neither reasonable nor necessary on a daily basis and that the plaintiff's liability could not be waived because she received written notice dated January 28, 1994 that continued service was not covered by Medicare.

The ALJ made the following findings:

1. The beneficiary received nursing services from February 1, 1994, through March 31, 1994.

2. The nursing services she received during this period were not reasonable and necessary on a daily basis.

3. The amount in controversy for the noncovered services exceeds one hundred dollars ($100.00), the statutory amount required for entitlement to a hearing.

4. The beneficiary's liability for the services at issue cannot be waived.

5. Payment will not be made for the services rendered under Part A of Title XVIII of the Social Security Act.

### OPINION

This Court must determine whether the decision of the Secretary that plaintiff was not entitled to Medicare Part A reimbursement is based on substantial evidence pursuant to 42 U.S.C. § 405(g). *See Arbogast v. Bowen*, 860 F.2d 1400, 1402–1403 (7th Cir. 1988). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

The Medicare Program is the federal health insurance program for people 65 and older and certain disabled people. 42 U.S.C. § 1395 *et seq.* It is administered by the Health Care Financing Administration (HCFA) of the Department of Health and Human Services (DHHS). The program is divided into Part A and Part B. Part A covers inpatient hospital, skilled nursing facility, home health and hospice care. Part B covers physicians' services and other items and services not covered under Part A. Beneficiaries pay deductible and coinsurance amounts for health services furnished by providers. If an individual is denied reimbursement for medical services he/she is entitled to an administrative hearing before an administrative law judge if the amount in controversy is at least $100.00 and judicial review, after exhaustion of administrative remedies, if the amount in controversy is at least $1000.00. 42 U.S.C. § 1395ff.

Under 42 U.S.C. § 1395f(a)(2)(B) Medicare covers post-hospital extended care services where a physician, nurse practitioner or clinical nurse specialist who is not employed by the care facility but who is working with a physician certifies that the services at issue were required because the patient needed skilled nursing care on a daily basis or other skilled rehabilitation services for any of the conditions for which a patient had received inpatient hospital services prior to transfer to the skilled nursing facility. Skilled nursing services are described in 42 CFR §§ 409.31, 409.32 and 409.33.

The ALJ found that plaintiff did not require skilled nursing care on a daily basis or other skilled rehabilitation services after January 31, 1994 for the condition for which she had received inpatient hospital services. Plaintiff contends that this decision was not based on the appropriate legal standards nor supported by substantial evidence.

In his decision the ALJ relied on 42 U.S.C. § 1395f(a)(2)(B) and found that the services provide to plaintiff were not necessary and reasonable nor required on a daily basis. This statute and 42 C.F.R. § 409.31 provides that to be covered under Medicare Part A the services must be furnished for a condition for which the beneficiary received inpatient hospital services. This may also include a condition which arose while receiving care in a skilled nursing facility. The ALJ

applied the correct law and regulations in reaching his decision. *See Landa by Landa v. Shalala,* 900 F.Supp. 628 (E.D.N.Y.1995).

A review of the entire record indicates there is substantial evidence in the record to support the ALJ's conclusion that plaintiff did not require either skilled nursing or skilled rehabilitation services after January 31, 1994. The services provided to her were not provided to her on a daily basis after that date.

The Secretary's decision finding plaintiff not entitled to reimbursement for the services received between February 1, 1994 and March 31, 1994 is supported by substantial evidence. Accordingly, her decision will be affirmed.

### ORDER

IT IS ORDERED that plaintiff's motion to reverse the defendant Secretary's decision is DENIED.

IT IS FURTHER ORDERED that the decision of the defendant Secretary denying plaintiff Medicare Part A reimbursement is AFFIRMED.